United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAS ADISA GAMBA OLUWA, ) | No. C 08-1086 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER TO SHOW CAUSE; DIRECTIONS TO CLERK RE: SERVICE; DIRECTING CLERK TO SUBSTITUTE M. EVANS AS RESPONDENT** |
| v. ) | |
| ) | |
| M. EVANS, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    On January 18, 2008, petitioner, a California prisoner then incarcerated at Pelican Bay State Prison and proceeding pro se, filed, in the United States District Court for the Central District of California, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). Thereafter, the petition was transferred to the Northern District and assigned to the undersigned. On September 26, 2008, the Court found the petition stated cognizable claims for relief. The Court determined that the petition could not go forward, however, because a proper respondent had not been named. Specifically, petitioner had not named the state officer having custody of petitioner. See Rule 2, Rules Governing Section 2254 Cases. The Court granted petitioner leave to file an amendment to the petition to substitute, as the respondent, the warden of the prison in which petitioner currently is incarcerated.

    On October 8, 2008, petitioner filed an amendment to the petition, naming M. Evans, the warden of Salinas Valley State Prison, where petitioner is now incarcerated, as his custodian. Accordingly, the Court will direct the Clerk of the Court to substitute Warden M.

Evans as the respondent to the petition.

As the Court found in its prior order, petitioner has stated the following cognizable claims for relief with respect to the Board's 2006 decision to deny him parole:  (1) the Board's decision that petitioner's release would pose an unreasonable risk to public safety was not supported by some evidence, in violation of petitioner's federal constitutional right to due process, and (2) petitioner's federal constitutional rights to due process and equal protection have been violated because he is being made to serve a term for second degree murder that is longer than the term prescribed for similar crimes.  Accordingly, respondent will be ordered to respond to the petition, as set forth below.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall substitute **Warden M. Evans** as the respondent in this action.

2. The Clerk shall serve by certified mail a copy of this order, <u>the petition, and all attachments thereto (Docket No. 1), and the Court's prior order  (Docket No. 5)</u>, on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this

order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

    5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

    6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: December 29, 2008

MAXINE M. CHESNEY
United States District Judge