1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAS ADISA GAMBA OLUWA,          )        No. C 08-1086 MMC (PR)
                                )
                Petitioner,     )        **ORDER DENYING PETITION FOR**
                                )        **WRIT OF HABEAS CORPUS;**
v.                              )        **DENYING CERTIFICATE OF**
                                )        **APPEALABILITY**
M. EVANS, Warden,               )
                                )
                Respondent.     )
_____ )

On January 18, 2008, petitioner, a California prisoner incarcerated at Pelican Bay
State Prison and proceeding pro se, filed, in the United States District Court for the Central
District of California, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,
challenging the denial of parole by the California Board of Parole Hearings ("Board").
Thereafter, the petition was transferred to the Northern District and assigned to the
undersigned.  After petitioner filed an amended petition ("AP") naming a proper respondent,
respondent filed an answer and petitioner filed a traverse.

Subsequently, the Ninth Circuit issued its decision in Hayward v. Marshall, 603 F.3d
546 (9th Cir. 2010) (en banc), which addressed important issues relating to federal habeas
review of Board decisions denying parole to California state prisoners.  After the parties filed

supplemental briefs explaining their views of how the <u>Hayward</u> en banc decision applies to the facts presented in the instant petition, the United States Supreme Court filed its opinion in <u>Swarthout v. Cooke</u>, 131 S. Ct. 859 (2011) (per curiam), which opinion clarifies the constitutionally required standard of review applicable to the claims raised herein.

For the reasons discussed below, the petition will be denied.

## BACKGROUND

In 1982, in the Superior Court of Los Angeles County, petitioner was convicted of second degree murder, wilfully harming or injuring a child, and corporal punishment or injury of a child. He was sentenced to a term of fifteen years to life in state prison. The judgment of conviction was affirmed on appeal, and the California Supreme Court denied review.

The parole suitability hearing addressed by the instant petition was held on July 26, 2006. Petitioner waived his right to attend the hearing, but counsel appeared at the hearing on petitioner's behalf. (Resp't Answer to Order to Show Cause ("Answer") Ex. C at 1:15-18.)[1] At the conclusion of the hearing, the Board, after reviewing the facts of the commitment offense, petitioner's mental health reports, his social and criminal history, and his progress while incarcerated, found petitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or threat to public safety if released from prison.

Petitioner then filed a state habeas corpus petition in the California Supreme Court, challenging the Board's decision. The petition was denied summarily with a citation to <u>In re Clark</u>, 5 Cal. 4th 750 (1993). (Traverse Ex. C.)

Petitioner next filed the instant petition, in which he claims the Board did not provide him with a hearing that met the requirements of federal due process. In particular, petitioner alleges the decision to deny parole was not supported by some evidence that petitioner at that time posed a current danger to society if released, but, instead, was based solely on the

---

[1]Unless otherwise noted, all references herein to exhibits are to exhibits submitted by respondent in support of the Answer.

2

1  circumstances of the commitment offense and petitioner's pre-commitment conduct.

2  Additionally, petitioner claims his federal constitutional rights to due process and equal

3  protection were violated by the Board's decision because the length of the term he is serving

4  for second degree murder is longer than terms the Board has prescribed for other prisoners

5  convicted of second degree murder.

**DISCUSSION**

A.   Standard of Review

A federal district court may entertain a petition for writ of habeas corpus "in behalf of

a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on

the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding."  28 U.S.C. § 2254(d); see Williams (Terry) v.

Taylor, 529 U.S. 362, 409-13 (2000).   Section 2254(d) applies to a habeas petition filed by a

state prisoner challenging the denial of parole.  Sass v. California Board of Prison Terms, 461

F.3d 1123, 1126-27 (9th Cir. 2006).

Deference under § 2254(d) to the state court's adjudication of a claim is not

warranted, however, when it is clear that the state court has not reached the merits of the

claim.  Pirtle v. Morgan, 313 F.3d 1160, 1167-68 (9th Cir. 2002).  In particular, when the

state court, by summarily denying a claim with a citation to a state procedural bar, clearly

indicates that the court did not reach the merits of the claim, the district court reviews the

claim de novo.  Id.

Here, as noted, the California Supreme Court summarily denied petitioner's claims

with a citation to In re Clark, 5 Cal. 4th 750 (1993).  In re Clark deals specifically with the

state procedural bar of untimeliness.  See Lakey v. Hickman, No. 09-15940, slip op. 2479,

United States District Court

For the Northern District of California

1   2487 (9th Cir. Feb. 10, 2011) (citing Park v. California, 202 F.3d 1146, 1152 n.3 (9th Cir.

2   2000)).  Consequently, § 2254(d) deference does not govern this Court's review of

3   petitioner's claims.  See Anderson v. Terhune, No. 09-17566, 2011 WL 148912, at *3 & n.1

4   (9th Cir. 2011) (citing Pirtle and finding § 2254(d) deference inapplicable where California

5   Supreme Court's summary denial of state habeas petition with citations to three procedural-

6   bar cases, including In re Clark, "clearly indicates that the court did not reach the merits of

7   [petitioner's] claims").[2]

8   B.      Petitioner's Claims

9           1.      Due Process Violation Based on Lack of Sufficient Evidence to Deny Parole

10          Under California law, prisoners serving indeterminate life sentences, like petitioner

11  here, become eligible for parole after serving minimum terms of confinement required by

12  statute.  In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005).  Regardless of the length of time

13  served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of

14  the panel the prisoner will pose an unreasonable risk of danger to society if released from

15  prison."  Cal. Code Regs. tit. 15 ("CCR"), § 2402(a).  In making the determination as to

16  whether a prisoner is suitable for parole, the Board must consider various factors specified by

17  state statute and parole regulations.  In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR

18  § 2402(b)–(d).  When a state court reviews a Board's decision denying parole, the relevant

19  inquiry is whether "some evidence" supports the decision of the Board that the inmate poses

20  a current threat to public safety.  In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

21          As noted, petitioner claims the Board did not provide him with a hearing that met the

22  requirements of federal due process, because, petitioner contends, the decision to deny parole

23  was not supported by some evidence that petitioner at that time posed a current danger to

24

25          [2]Respondent has not argued that petitioner procedurally defaulted his claims for
26  purposes of federal habeas corpus review.  Procedural default is an affirmative defense that is
    waived by failing to raise it.  See Franklin v. Johnson, 290 F.3d 1223, 1231, 1232-33 (9th
27  Cir. 2002).  The district court is not required to raise the issue of procedural default sua
    sponte.  Trest v. Cain, 522 U.S. 87, 89 (1997).  Here, the Court finds, as discussed infra, that
28  petitioner's claims are without merit; accordingly, the Court will not address the issue of
    procedural default.

society if released, but, instead, was based solely on the circumstances of the commitment offense and petitioner's pre-commitment conduct.

Federal habeas corpus relief is unavailable for an error of state law.  Swarthout v. Cooke, 131 S. Ct. 859, 861 (per curiam) (2011).  Under certain circumstances, however, state law may create a liberty or property interest that is entitled to the protections of federal due process.  In particular, while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when, or unless, certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest.  See id. at 11-12.  The Ninth Circuit has determined California law creates such a liberty interest in release on parole.  Cooke, 131 S. Ct. at 861-62.

When a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication, and federal courts will review the application of those constitutionally required procedures.  Id. at 862.  In the context of parole, the procedures necessary to vindicate such interest are minimal: a prisoner receives adequate process when "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied."  Id.  "The Constitution," [the Supreme Court has held], "does not require more."  Id.

Here, the record shows petitioner received at least the process found by the Supreme Court to be adequate in Cooke.  See id. (finding process adequate where petitioners "were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied").  Specifically, petitioner was notified of his right to attend the hearing and expressly waived his attendance (Ex. C at 1:15-17), counsel appeared at the hearing on petitioner's behalf (Ex. C at 1:17-18, 1:27-2:1), and petitioner's counsel was provided with copies of the documents reviewed by the Board at the hearing and, in addition, submitted to

United States District Court

For the Northern District of California

1    the Board for review documents on petitioner's behalf. (Ex. C at 2:10-14, 2:20-3:5).  The

2    Board discussed in detail the facts of the commitment offense, petitioner's social and

3    criminal history, petitioner's mental health history and the psychological reports prepared for

4    the hearing, petitioner's extensive disciplinary record while incarcerated, petitioner's lack of

5    vocational and educational achievements in prison, and petitioner's lack of parole plans.  (Ex.

6    C at 3-21).  At the conclusion of the hearing, petitioner's counsel made a closing statement

7    on petitioner's behalf (Ex. C at 21:15-23:21), and the Board provided a thorough explanation

8    as to its reasons for denying parole (Ex. C at 24-30).

9        Further, because California's "some evidence" rule is not a substantive federal

10   requirement, whether the Board's decision to deny parole was supported by some evidence of

11   petitioner's current dangerousness is not relevant to this Court's decision on the instant

12   petition for federal habeas corpus relief.  <u>Cooke</u>, 131 S. Ct. at 862-63.  The Supreme Court

13   has made clear that the only federal right at issue herein is procedural; consequently, "it is no

14   federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure

15   beyond what the Constitution demands) was correctly applied."  <u>Id.</u> at 863.

16       As the record shows petitioner received all the process to which he was

17   constitutionally entitled, the Court finds no federal due process violation occurred, and

18   accordingly, the petition for a writ of habeas corpus will be denied as to this claim.

19       2.    <u>Due Process and Equal Protection Violations Based on Length of Confinement</u>

20       Petitioner claims his rights to due process and equal protection were violated by the

21   Board's decision because petitioner is being required to serve a term of confinement longer

22   than terms of confinement served by other prisoners convicted of second degree murder.

23            a.    <u>Due Process</u>

24       The due process portion of this claim is based on petitioner's argument that the Board

25   extended his term of confinement by improperly characterizing the facts of the commitment

26   offense as facts that would support a conviction for first degree murder.  Specifically,

27   petitioner argues that the Board referred to the facts of the offense – which facts included the

28   death of a five-year old girl after she was beaten for a period of weeks, sexually assaulted and

United States District Court

For the Northern District of California

1  burned by boiling water – as "torture," which is an element of first degree murder.

2  Consequently, petitioner contends, the Board denied him parole because it considered his

3  crime to be one of first degree murder.

4       The record does not support petitioner's contention.  Instead, the record shows the

5  Board acknowledged petitioner had been convicted of second degree murder and reviewed

6  the circumstances of the offense as they had been read into the record at petitioner's prior

7  parole suitability hearing and recorded in the probation report prepared when petitioner was

8  convicted.  (Ex. C at 3-5.)[3]  The Board then relied on the facts of the commitment offense

9  and other factors to find petitioner would pose a danger to society if released from prison.

10  (Ex. C at 26-30.)

11       As there is no evidence in the record to support petitioner's assertion that the Board

12  denied parole by characterizing the commitment offense as one of first degree murder,

13  petitioner's due process claim based on such allegation will be denied.

14           b.   <u>Equal Protection</u>

15       Petitioner claims the Board violated his right to equal protection by setting release

16  dates for other prisoners convicted of second degree murder who had served less prison time

17  than petitioner.  In support of his argument, petitioner presents evidence that at the time he

18  was denied parole in 2006 he had already served 315 months in prison, whereas, in the years

19  between 2003 and 2005, ninety-one prisoners who had been convicted of second degree

20  murder were granted parole after serving median terms of 214.2 to 285.3 months in prison.

21  (Traverse at 6:6-19.)

22       "The Equal Protection Clause of the Fourteenth Amendment commands

23  that no State shall 'deny to any person within its jurisdiction the equal protection of the

24  laws,' which is essentially a direction that all persons similarly situated should be treated

25

26       [3]As petitioner pleaded nolo contendere to second degree murder and did not attend the
parole hearing at issue, the facts upon which the Board relied were uncontested.  Further, the
27  Board noted that the only version of the facts that had been provided by petitioner was a
statement at his prior parole suitability hearing "that [petitioner] was wrongly charged for
28  this crime."  (Ex. C at 5:7-10.)

1    alike."

2    City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  To prevail on his equal

3    protection claim, petitioner must show he is a member of a class that was denied a benefit

4    available to other similarly situated individuals, and that such denial was not rationally

5    related to legitimate state interests.  See Mayner v. Callahan, 873 F.2d 1300, 1302 (9th Cir.

6    1989) (applying rational basis test to prisoner's claim of unequal application of parole

7    consideration criteria).

8         All inmates applying for parole are not similarly situated.  See Houtz v. Deland, 718

9    F. Supp. 1497, 1501-02 (D. Utah 1989) (citing Sweazea v. Missouri Bd. of Probation &

10    Parole, 742 F.2d 482, 483 (8th Cir. 1984) (per curiam)).  Rather, parole decisions, by their

11    very nature, require a parole board to look at the individual circumstances of each prisoner

12    and his crimes.  Id. at 1501.  "The Constitution does not make it legally impossible for a

13    state, in granting or refusing parole, to make an individualized judgment in each case."

14    Bennett v. People, 406 F.2d 36, 39 (9th Cir.), cert. denied, 394 U.S. 966 (1969).

15         Under California law the Board is required to review the specific facts of each case

16    and to make an individualized determination as to whether a prisoner is suitable for parole.

17    See In re Lawrence, 44 Cal. 4th 1181, 1221 (2008); see also In re Dannenberg, 34 Cal. 4th

18    1061, 1083-84 (2005) (holding determination whether inmate poses current danger not

19    dependent upon whether commitment offense was more or less egregious than other similar

20    crimes).  When the prisoner has been convicted of murder, the Board must consider not only

21    the commitment offense, but all relevant, reliable information, including:

22         the circumstances of the prisoner's social history; past and present mental state;
23         past criminal history, including involvement in other criminal misconduct
         which is reliably documented; the base and other commitment offense,
24         including behavior before, during and after the crime; past and present attitude
         toward the crime; any conditions of treatment or control, including the use of
25         special conditions under which the prisoner may safely be released to the
         community; and any other information which bears on the prisoner's suitability
26         for release.

27    CCR § 2042(b).  "Circumstances which taken alone may not firmly establish unsuitability for

28    parole may contribute to a pattern which results in a finding of unsuitability."  Id.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    Consideration of such factors by the Board when deciding whether to grant parole to a

2    convicted murderer is rationally related to the state's legitimate interest in ensuring that only

3    those prisoners who pose no threat to the public safety are released.  See Houtz, 718 F. Supp.

4    at 1502.

5    Here, it is clear from the record that the Board made an individualized determination

6    as to petitioner's suitability for parole and did not deny parole by comparing petitioner to

7    other prisoners.  Accordingly, the Court finds petitioner has not established an equal

8    protection violation, and relief on this claim will be denied.

9    C.    Certificate of Appealability

10   A certificate of appealability will be denied with respect to petitioner's claims.  See 28

11   U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11

12   (requiring district court to issue or deny certificate of appealability when entering final order

13   adverse to petitioner).  Specifically, petitioner has neither made "a substantial showing of the

14   denial of a constitutional right," Hayward v. Marshall, 603 F.3d 546, 554-55 (9th Cir. 2010)

15   (en banc) (citing 28 U.S.C. § 2253(c)(2)), nor demonstrated that his claims are "debatable

16   among reasonable jurists."  Id. at 555.

17                                          **CONCLUSION**

18   For the reasons stated above, the Court orders as follows:

19   1.  The petition for a writ of habeas corpus is hereby DENIED.

20   2.  A certificate of appealability is hereby DENIED.

21   The Clerk shall enter judgment in favor of respondent and close the file.

22   IT IS SO ORDERED.

23   DATED: February 23, 2011

24                          _____
                            MAXINE M. CHESNEY
25                          United States District Judge

26

27

28

9